CHIASSON, Judge.
Dixie Electric Membership Corporation, plaintiff-appellant, brought suit to expropriate a 100 foot right of way for the purpose of erecting a 69KV transmission line across a 17.5 acre tract of land owned by Earl Dubose, defendant-appellee. The ap-pellee maintains oil storage pits on a portion of the property expropriated. In addition there is a servitude for the purposes of transmitting electricity in favor of Gulf States Utilities over part of the 17.5 acres. Because the appellant’s right of way crosses the GSU right of way, there is a .39 acre tract subject to the GSU servitude and to the Dixie Electric servitude.
In return for appellee’s stipulation as to the need and necessity for the expropriation of the servitude, the appellant stipulated that the appellee could continue to operate his oil pits and that the appellee would be held harmless with regard to any damages the appellant might suffer as a result of ap-pellee’s operation of the oil pits.
The issues before the Trial Court were:
1. The amount due the appellee as just compensation for the expropriation of the servitude;
2. Whether the appellee was entitled to severance damages, and if he was, the amount due as severance damages; and
3. Whether the appellee was entitled to recover attorney’s fees.
After a hearing on the merits the Trial Court rendered judgment in favor of the appellant and against the appellee, awarding the appellant the servitude it sought. The Trial Court also rendered judgment in favor of the appellee and against the appellant, awarding the appellee $6,577.86 as compensation for the servitude expropriated and $1,670.04 as severance damages to the portion of the appellee’s property lying south and east of the servitude. The Trial Court denied appellee’s claim for severance damages as to the remainder of the tract and also denied the appellee’s claim for attorney’s fees.
The errors specified by the appellant are:
“1. The lower court erred in concluding that the fee value of the land being expropriated was equivalent to the amount of $1,865.00 per acre.
“2. The lower court erred in granting to the defendant 80% of the fee value of the land being expropriated which also contained the oil pits of the defendant.
“3. The court erred in concluding that severance damages were due the defendant.
“4. The court erred in granting expert witness fees in the amount of $880.00 and taxing those fees as costs of court.”
The appellee contends that:
“1. He is aggrieved by the amount of damages awarded in the judgment.
“2. The court erred in failing to apply the Louisiana Constitution of 1974 and in *486 failing to allow the defendant reasonable attorney’s fees.”
It is apparent that the Trial Court based its determination of the value of the appellee’s property, considering its highest and best use, on the most similar comparable offered into evidence. We find no error in the Trial Court’s conclusion that appel-lee’s property was worth $1,865.00 per acre and we will not disturb this finding.
The record contains evidence sufficient to support the Trial Court’s finding that the amount due as compensation for the servitude expropriated is 80% of the value of the property burdened by the servitude. There is no evidence in the record which would negate the Trial Court’s conclusion that the appellant’s servitude is as great a burden on the portion of the ap-pellee’s property containing the oil pits as on the other portions of the appellee’s property. The evidence also supports the Trial Court’s finding as to the compensation due for the increased burden the appellant’s servitude places on the .39 acre already subject to the GSU servitude.
An examination of the effect of the granting of the servitude establishes that the portion of the appellee’s property, south and east of - the servitude, has been damaged by the taking. The granting of this servitude has created a small, isolated, oddly shaped tract which will be impossible to develop. The uses to which this portion may be put are approximately the same as the uses to which the property burdened by the servitude may be put. Therefore, the Trial Court’s award of 80% of the value of this property as severance damages is correct. No severance damages were shown as to the remainder of the tract.
An examination of the testimony indicates that the expert witness fees awarded by the Trial Court were not excessive and were within the Trial Court’s discretion.
Under Article 14 Section 23 of the Louisiana Constitution of 1974 all suits existing on the effective date of this constitution continue unaffected. The appellant filed suit on November 27, 1974, prior to the effective date of the 1974 Constitution. Therefore, the Trial Court’s denial of appellee’s request for attorney’s fees was proper because this suit is governed by the Louisiana Constitution of 1921 which does not provide for attorney’s fees in expropriation suits.
For the above and foregoing reasons, the judgment of the Trial Court is affirmed. Cost to be paid by the appellant.
AFFIRMED.